IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Criminal Case No 1:05CR60
LAWRENCE BENNETT, a.k.a. "LARRY,"
a.k.a. "LB,"

        Defendant.

## REPORT AND RECOMMENDATION/OPINION CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lawrence Bennett appeared in person and by his counsel, Brian J. Kornbrath, on Monday, October 31, 2005. The Government appeared by Sherry Muncy, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Seven of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement.

Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lawrence Bennett, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Government, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated July 5, 2005, and signed by him on July 11, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Seven of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation or stipulation contained within the plea agreement or pre-sentence report.

The undersigned determined that Defendant agreed with the non-binding stipulation contained in the written Plea Bargain Agreement, which provides:

> [T]he parties hereby stipulate and agree that, on or about May 19, 2005, in Morgantown, Monongalia County, in the Northern District of West Virginia, the defendant did knowingly and intentionally possess with the intent to distribute approximately 12.9 kilograms of marijuana. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least twenty (20) kilograms but less than forty (40) kilograms of marijuana.

Defendant understood that the Court was not bound by the above stipulation and was not required to accept same. Defendant understood and agreed that should the Court not accept the above stipulation, he would not have the right to withdraw his plea.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in

Count Seven of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and non-binding stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed Count Seven of the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Seven of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him, understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a period of not more than five (5) years, understood that a fine of not more than $ 250,000 could be imposed, understood both a term of imprisonment and fine could be imposed, understood he would be subject to a term of at least two (2) years supervised release, and understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing. Defendant also understood that, should he have one or more prior convictions for a felony drug offense, the maximum penalty to which he would be exposed would be imprisonment for a term of not more than ten (10) years, a fine of not more than $500,000, or both, and a period of supervised release of at least four (4) years, in addition to the Court-imposed $100.00 special assessment. Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned Magistrate Judge further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct appeal rights as contained in his written plea agreement, and determined he understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Seven of the Indictment, including the elements the United States would have to prove at trial, charging him with possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D)..

The Court then received the sworn testimony of United States Postal Inspector Anthony P. Branch and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Seven of the Indictment. The Defendant testified that he believed that he was guilty of the crime because he was receiving marijuana at the post office, and on May 19, 2005, he received 12.9 kilograms of marijuana in Morgantown, West Virginia.

Anthony Branch then testified that in mid-May 2005, he received information from the Pittsburgh postal service that they had a suspicious package. A canine trained to alert positively to drugs alerted to the package. Inspector Branch obtained a search warrant for the package. It contained 12.9 kilograms of marijuana, and was addressed to Lawrence Bennett in Morgantown, West Virginia, within the Northern District of West Virginia. The postal service delivered the package. It was accepted by another individual, who stated that Lawrence Bennett would be coming to retrieve it. After the delivery, the package was taken back into custody and its contents were tested. It tested positive for 12.9 kilograms of marijuana. Anthony Branch then testified the stipulated amount was additionally based on three previous packages delivered to the same address.

From the testimony of Anthony Branch, the undersigned Magistrate Judge concludes the offense

charged in Count Seven of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution and the non-binding stipulation in the written Plea Bargain Agreement.

Thereupon, Defendant, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Seven of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Seven of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Seven of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Seven of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2nd day of November, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE